IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 00-10344

Summary Calendar

In the Matter of PAIGE BAYOUD,

Debtor.

PHILIP S. BAYOUD,

Appellant,

versus

JEFFREY MIMS; NABIL F. SAHLIYEH;
SETCO INTERNATIONAL FORWARDING
CORP.; DOUGLAS C. KITTELSON; HANNA
F. SAHLIYEH; HFS MANAGEMENT INC.;
WILLIAM L. HUTCHINSON; JOSEPH DAVID
BURLESON; JAWAD M. AL MOTAWA,

Appellees.

Appeal from the United States District Court
For the Northern District of Texas
(3:98-CV-155-L)

September 26, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant Philip Bayoud, brother of debtor Paige Bayoud, appealed an order in the bankruptcy court by Judge Felsenthal authorizing employment of a mediator to assist resolution of an adversary proceeding between the trustee of Paige Bayoud's estate and various creditors. The district court dismissed the appeal as interlocutory, also noting that Bayoud was not a party to the adversary proceeding. It then denied appellant's request for a rehearing. In the meantime, the mediation was successfully completed. Appellant did not appeal the bankruptcy court's final order in the adversary proceeding.

It is thus apparent that appellant lacks standing, the challenged order is interlocutory and unappealable, and the appeal is moot. Further, appellant makes no intelligible argument in his appeal. Even construed liberally, because Bayoud appeals pro se, his briefs present no more than a series of conclusory allegations of criminal conduct by various parties that does not bear on the challenged order in any way. Worse, the record reveals that appellant's aspersions of unspecified fraud upon him merely reiterate claims he has made in various filings over the past two and one-half years. These claims have been repeatedly rejected by the bankruptcy court, district court, and this court. Judge Felsenthal has sanctioned Bayoud on at least three occasions.

We found Bayoud's last appeal to be "patently frivolous," and although we declined to sanction Bayoud, we explicitly warned him "that sanctions can be imposed for filing frivolous appeals such as

2

this one. Further vexatious filings from Bayoud . . . will subject Bayoud to monetary sanctions."[1]

We are unable to comprehend any basis for this appeal. Because we find this appeal to be repetitive, frivolous, and vexatious, we AFFIRM the district court's dismissal of Bayoud's appeal and SANCTION Philip Bayoud in the amount of $250 to be paid to the clerk of the court.

---

[1] *Bayoud v. Mims*, No. 99-10484 (5th Cir. Dec. 27, 1999) (per curiam) (unpublished).